﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/29/19

DOCKET NO. 190304-5497
DATE: August 29, 2019

ORDER

Entitlement to an effective date prior to June 29, 2016 for service connection for other specified trauma and stressor, claimed as posttraumatic stress disorder (mental disorder), is denied.

FINDINGS OF FACT

1. The Veteran was provided notice of the requirements for timely appealing a rating decision in January 2011.

2. The Veteran did not timely appeal a rating decision of January 2011, which became final.

3. The Veteran provided notice of intent to file a new claim on June 29, 2016 and filed accordingly within one year.

CONCLUSION OF LAW

The criteria for entitlement to an effective date prior to June 29, 2016, for serviced connection for other specified trauma and stressor, claimed as posttraumatic stress disorder have not been met. 38 C.F.R. §§ 3.160(d)(1), 3.400(h)(2).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 2004 to June 2008. This case comes before the Board of Veterans’ Appeals (Board) on appeal from a decision issued in February 2019 by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

In July 2018 the Veteran accepted an invitation to participate in the Rapid Appeals Modernization Program (RAMP), which allowed him to have his appeal considered under the Veterans Appeals Improvement and Modernization Act of 2017 (VAIMA). In effect, the Veteran’s appeal under the legacy regulations was canceled and a new appeal under the VAIMA was substituted in its place. Because the Veteran opted for higher level review under the RAMP, no hearing before the undersigned VLJ was scheduled.

1. Entitlement to an effective date for compensation prior to June 29, 2016.

The Veteran first filed for compensation for posttraumatic stress disorder (PTSD) in December 2008. The RO denied his claim in a rating decision of April 2009. Following the submission of additional evidence and further development, the RO issued a subsequent rating decision denying the Veteran’s claim in June 2009. The Veteran applied again in October 2009 and was denied again in March 2010. Following the submission of additional evidence, the RO again denied the Veteran’s claim in January 2011.

The Veteran did not timely appeal the RO’s decision of January 2011, which became final. See 38 C.F.R. § 3.160(d)(1). Notice provided to the Veteran on January 13, 2011 stated that “[you] have one year from the date of this letter to appeal the decision” (emphasis in original). 

The Veteran subsequently provided notice of intent to file on June 29, 2016 and filed a renewed claim for PTSD in September 2016. The effective date assigned to “an application for reconsideration or to reopen [where there has been a final decision is] the date of receipt of such application or the date entitlement arose, whichever is later.” 38 C.F.R. § 3.400(h)(2). 

In February 2019, the RO issued the rating decision on appeal and awarded service connection for the Veteran’s mental disorder as of June 29, 2016, the date the Veteran provided notice of his intent to file. 

The Veteran submitted argument with his notice of disagreement (NOD) in March 2019. He asserts that December 23, 2008 should be considered the effective date and that “VA did not provide duty to assist.”

As previously discussed, the effective date of the Veteran’s original application was lost when the January 2011 rating decision became final. Where there has been a final rating decision, entitlement to an earlier effective date may be established on the basis of clear and unmistakable error (CUE). See 38 C.F.R. § 20.1400. Because the issue of CUE has not been raised and adjudicated before the RO, the Board lacks jurisdiction to rule on it at this time. However, the Board notes that a failure of the duty to assist is expressly precluded from serving as the basis for a claim of CUE by the applicable regulations. See 38 C.F.R. § 20.1403(d)(2).

Accordingly, the award of an earlier effective date for the Veteran’s mental disorder is not warranted. The Board has considered the doctrine of reasonable doubt but has determined that it is not applicable because the preponderance of the evidence is against the Veteran’s claim. 38 U.S.C. § 5107.

 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Blore, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.